## CIRCUIT COURT OF YORK COUNTY
## AND THE CITY OF POQUOSON

Gregory M. Garrett, Sr.

v.

J. Mark Carter,
Zoning Administrator, et al.

October 12, 2012

Case No. 12-4495

By Judge Alfred D. Swersky

This matter is before the Court on the Petition of Gregory M. Garrett, Sr., to overrule the determination of the County's Zoning Administrator, upheld by the York County Board of Zoning Appeals, requiring him to obtain a special use permit for the continued use of his property for oyster farming. The petition will be sustained and the ruling of the Zoning Administrator and the Board of Zoning Appeals will be reversed.

The facts, not in dispute for the most part, are well-known to the parties and will not be set forth in detail.

Mr. Garrett's residence is located in a residential district zoned RR-Rural Residential. He began raising oysters in 2009, using cages to grow the oysters in the waters of the York River. His work has been done under appropriate leases and permits obtained from the Commonwealth, and the Respondents concede that the bottomlands used are owned by the Commonwealth. The raising of these oysters required the use of bags and cages that need cleaning every seven to thirty days and storage of, construction of, and repair of the cages and other equipment. The Respondents assert that he also employs non-resident, i.e. not residing on Garrett's property, workers.

Garrett argues that he is engaged in "agriculture" as defined by the York County Zoning Code as it existed prior to its Amendment in November 2011 and his rights are to be determined by the Code as it existed prior to the amendments. He argues that "agriculture" is a permitted use under the Code, meaning that no special use permit is required. *See* § 24-306. Further, he asserts that Code provisions regarding "aquaculture" are inapplicable as

he does not raise his oysters in a controlled environment. Aquaculture is not a permitted use according to the Code.

Respondents argue that Garrett's activities come within the meaning of "aquaculture"; that it is not a permitted use; and hence, a special use permit is required. Further, they argue that, if it is not aquaculture, a special use permit is still required by § 24.1-283, which requires a special use permit for the docking and off-loading of seafood and for the use of non-resident workers in connection with a "home occupation."

Garrett argues that § 24.1-283 does not apply because his activities are not within the definition of "Home Occupation" as defined in § 24.1-104.

Petitioner is correct. His activities are to be determined by the Zoning Code as it existed prior to the Amendments of November 2011. While it is not entirely clear that Respondents applied the amendments in full as a basis for deciding this case, to the extent they did, it was error.

Petitioner is also correct that his described activities constitute "Agriculture" as defined by the Code as "the keeping of animals and fowl. . . ." (§ 24.1-104.) Animals are defined in that section for these purposes as "all livestock and poultry." Livestock includes, *inter alia*, "any other animal raised for food or fiber. . . ."

Garrett is raising animals for food and, hence, comes within the definition of "agriculture." (*See, Bavuso v. Carter et al.*, Case No. 12-4545, decided this day █ His activities do not constitute "aquaculture" because the evidence clearly and unmistakably shows his activities are not within a "controlled environment to enhance growth or propagation." Likewise, his activities do not constitute a Home Occupation use under § 24.1-104). There is no evidence that, despite the breadth of Garrett's activities, his dwelling is in anyway used in this operation.

For the foregoing reasons, the petition will be sustained and the opinions of the Zoning Administrator and the Board of Zoning Appeals will be reversed.